O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES LUTHER, | ) | Case No. EDCV 10-00228-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Charles Luther seeks judicial review of the Social Security Commissioner's denial of his application for disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I.   Facts and Procedural Background**

Plaintiff was born on October 17, 1948. He has a high school education and has work experience as a truck driver for a freight company. (Administrative Record ("AR") 40, 147, 152.) Plaintiff filed an application for DIB on January 12, 2006, alleging

1

1   disability as of November 26, 1997, due to disorders of the back

2   (discogenic and degenerative), muscle and ligament disorders and

3   Post-Traumatic Stress Disorder ("PTSD"). (AR 10, 40.) Plaintiff had

4   been granted benefits for a closed period of time between June 1,

5   1994 to May 1, 1996, following a November 25, 1997 hearing

6   decision. (AR 42-44.) Plaintiff's date last insured was September

7   30, 2001.[1] (AR 10.)

8       Plaintiff's current application was denied initially and upon

9   reconsideration. (AR 49-53, 57-61.) An administrative hearing was

10  held October 29, 2007, before Administrative Law Judge ("ALJ")

11  Joseph Schloss. (AR 738-750.) On November 17, 2007, ALJ Schloss

12  issued an unfavorable decision. (AR 26-35.)

13      Plaintiff sought judicial review and the parties entered into

14  a stipulated remand in which Plaintiff's PTSD claim would be heard

15  by a different ALJ. (84-88.) On October 26, 2009 a second

16  administrative hearing was held before ALJ Michael Radensky.

17  Plaintiff, represented by attorney Bill LaTour, testified, as did

18  Plaintiff's wife, Rosie Luther, medical expert David Glassmire and

19  vocational expert Sandra Fioretti. (AR 695-737.)

20      ALJ Radensky issued an unfavorable decision on December 7,

21  2009. (AR 5-13.) The ALJ found that Plaintiff had not engaged in

22  substantial gainful activity since the alleged onset date of

23  November 26, 1997. (AR 10.) The ALJ further found that Plaintiff

24

25      [1] In order to qualify for disability insurance benefits,
26  Plaintiff is required to establish that he was disabled on or
    before the date his insured status expired.  20 C.F.R.
27  §404.131(b)(1); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d
    1393, 1394 (9th Cir. 1984); *Flaten v. Secretary of Health & Human*
28  *Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

1  suffered from the following severe impairments: a history of back

2  surgery, post-traumatic stress disorder, and a history of carpal

3  tunnel syndrome. (Id.) The ALJ then determined that Plaintiff's

4  impairments did not meet the requirements of a listed impairment

5  found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) The ALJ

6  also found that there was no medical evidence in the record to

7  support Plaintiff's claim of PTSD prior to his date last insured of

8  September 30, 2001. (AR 12.) The ALJ concluded that Plaintiff was

9  not disabled as defined in the Social Security Act. (Id.)

10      Plaintiff commenced this action on February 22, 2010, and on

11  August 17, 2010, the parties filed a joint stipulation ("Joint

12  Stp.") of disputed facts and issues, including the following: (1)

13  the ALJ failed to properly develop the record because he did not

14  seek Veterans Affairs ("VA") records and (2) the ALJ failed to

15  properly develop the record because he did not seek medical records

16  from the Loma Linda VA. (Joint Stp. 2.) Plaintiff asks the Court to

17  reverse and order an award of benefits, or, in the alternative,

18  remand for further proceedings. (Joint Stp. 6.) The Commissioner

19  requests that the ALJ's decision be affirmed. (Joint Stp. 7.)

20

21  **II.   Standard of Review**

22      Under 42 U.S.C. § 405(g), a district court may review the

23  Commissioner's decision to deny benefits. The Commissioner's

24  decision must be upheld unless "the ALJ's findings are based on

25  legal error or are not supported by substantial evidence in the

26  record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir.

27  1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

28  Substantial evidence means more than a scintilla, but less than a

3

1  preponderance; it is evidence that a reasonable person might accept

2  as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504

3  F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*,

4  466  F.3d  880,  882  (9th  Cir.  2006)).  To  determine  whether

5  substantial evidence supports a finding, the reviewing court "must

6  review  the  administrative  record  as  a  whole,  weighing  both  the

7  evidence  that  supports  and  the  evidence  that  detracts  from  the

8  Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720

9  (9th Cir. 1996). "If the  evidence  can  support  either  affirming

10 or reversing the ALJ's conclusion," the court "may not substitute

11 its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

12

13 **III. The ALJ Properly Developed the Record**

14    Plaintiff claims that the ALJ abrogated his duty to develop

15 the record because he did not seek VA disability pension records

16 and Loma Linda VA medical records. (Joint Stp. 2.) Plaintiff argues

17 that, because he testified at the administrative hearing that he

18 had been granted a disability pension by the VA in 2004 and because

19 he testified that he received mental health treatment at the Loma

20 Linda VA sometime in the "early 2000's," this triggered the ALJ's

21 duty to develop the record. (Joint Stp. 3, 5; AR 712, 715.) In this

22 regard,  it  must  be  noted  that  Plaintiff's  medical  evidence

23 regarding  his  claim  of  PTSD  dates  primarily  from  2006  to  the

24 present, more than five years  after  his  date  last  insured  of

25 September 30, 2001. (AR 195-694.)

26    A disability applicant bears the burden of proving disability

27 and must provide medical evidence demonstrating the existence and

28 severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d

1  453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §

2  416.912(c). Nonetheless, an ALJ has a "duty to develop the record

3  fully and fairly and to ensure that the claimant's interests are

4  considered, even when the claimant is represented by counsel."

5  *Mayes*, 276 F.3d at 459. An ALJ's duty to augment an existing record

6  is triggered "only when there is ambiguous evidence or when the

7  record is inadequate to allow for proper evaluation of the

8  evidence. *Id.* (citing *Tonapetyen v. Halter*, 242 F.3d 1144, 1150

9  (9th Cir. 2001)).

10        Plaintiff argues that his vague statements regarding his VA

11  pension and mental health treatment at the VA "sometime in the

12  2000's" triggered the ALJ's duty to develop the record. However,

13  there were no ambiguous medical records or conflicting medical

14  findings regarding the existence or severity of Plaintiff's PTSD

15  which would trigger the ALJ's duty to further develop the record.

16  Rather, there simply was no medical evidence at all prior to the

17  date last insured of September 30, 2001 suggesting the existence of

18  such a mental impairment. If medical records existed regarding

19  Plaintiff's PTSD that were relevant to the period of disability,

20  either Plaintiff himself or his attorney could have procured these

21  records, rather than expecting the ALJ to do so. *See Bowen v.*

22  *Yuckert*, 482 U.S. 137, 146 n.5 ("It is not unreasonable to require

23  the claimant, who is in a better position to provide information

24  about his own medical condition, to do so."); *Duenas v. Shalala*, 34

25  F.3d 719, 722 (9th Cir. 1994).

26        Plaintiff appears to be attempting to shift his burden of

27  proving disability to the Commissioner. However, Plaintiff has

28  never asserted, either at the hearing or in this action, a theory

1  upon which his PTSD interferes with his ability to work. The ALJ

2  had adequate evidence to evaluate Plaintiff's testimony regarding

3  his PTSD and did not abrogate his duty to develop the record. *See*

4  *Grissom v. Astrue,* 2009 WL 1309506, at *5 (C.D.Cal. 2009) (single

5  reference to possible history of mental health treatment did not

6  trigger duty to further develop record where claimant offered no

7  other evidence of such treatment); *Orcutt v. Barnhart*, 2005 WL

8  2387702, at *4 (C.D.Cal. 2005) ("An ALJ does not fail in her duty

9  to develop the record by not seeking evidence or ordering further

10 examination  or  consultation  regarding  a  physical  or  mental

11 impairment if no medical evidence indicates that such an impairment

12 exists.").

13     In addition, the ALJ properly relied upon the testimony of

14 medical expert Dr. David Glassmire, Ph.D., who reviewed all of

15 Plaintiff's medical records and determined that there was nothing

16 in the evidence to support a determination of PTSD prior to March

17 2004, when Plaintiff was diagnosed with PTSD by the VA. (AR 12,

18 703-706.) *See Morgan v. Comm. of Social Sec. Admin*, 169 F.3d 595,

19 600 ("Opinions of a nonexamining, testifying medical advisor may

20 serve as substantial evidence when they are supported by other

21 evidence in the record and are consistent with it.").

22     Plaintiff has failed to show that the evidence is ambiguous or

23 that the record is inadequate to allow for proper evaluation of the

24 evidence. The ALJ was under no obligation to further develop the

25 record. *See Mayes*, 276 F.3d at 459-60.

26 //

27 //

28 //

1 | **IV.   Conclusion**

2 |        For the reasons stated above, the decision of the Commissioner

3 | is affirmed.

4 |

5 | Dated: August 27, 2010

6 |

7 |

8 |                                         _____

9 |                                         Marc L. Goldman
                                           United States Magistrate Judge

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |